IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,                      No. 2:10-cr-0151 GEB CKD P

      vs.

CARLOS CIFUENTES-BECERRA,

        Movant.                          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant pled guilty, pursuant to a plea agreement, to being a deported alien in the United States in exchange for a recommendation that movant not be sentenced to more than 37 months imprisonment in Federal Bureau of Prisons. Movant pled guilty on June 28, 2010 and was sentenced to 37 months imprisonment. Petitioner seeks a reduction of his sentence arguing the trial court made certain findings pursuant to the Federal Sentencing Guidelines which are erroneous.

        Among other things, respondent asserts movant's challenge to his sentence is time-barred. Title 28 U.S.C. § 2255(f)(1) provides

> "[a] 1-year period of limitation shall apply to a motion under this section. The limitations period shall run from . . . the date on which the judgment of conviction becomes final."

1

Here, movant did not appeal his conviction or sentence so his conviction became final on July 15, 2010, the day time expired for movant to file a notice of appeal. Fed. R. App. 4(b)(1)(A). His § 2255 motion was not filed until December 5, 2011. Because movant fails to point to any basis for tolling the limitations period which expired in July of 2011, movant's § 2255 motion must be denied as untimely.

Furthermore, as part of his plea agreement, movant waived his right to challenge his sentence via direct appeal or collateral attack. See Dkt. No. 12, ¶ 5. That waiver is valid here as movant fails to argue or point to anything suggesting that the waiver was not given knowingly and voluntarily. See United States v. Portillo-Cano, 192 F.3d 1246, 1249 (9th Cir. 1999).

For these reasons, the court will recommend that movant's § 2255 motion be denied and the court need not address the merits of the arguments raised in the motion.

Accordingly, IT IS HEREBY RECOMMENDED that movant's December 5, 2011 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. §2253(c). Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to

/////
/////
/////
/////
/////

2

1  file objections within the specified time may waive the right to appeal the District Court's order.
2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 29, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cifu0151.206